U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2018 SEP 12 PM 1:28

CLERK

_____/hw/_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CIVIL ACTION NO. |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:18-cv-145 |
| ) | |
| TOWNSHEND DAM DINER, INC.; ) | |
| STEPHANIE SCHRYBA-KNAPP a.k.a. ) | |
| STEPHANIE SCHRYBA; PEOPLE'S UNITED ) | |
| BANK, NATIONAL ASSOCIATION; ) | |
| STATE OF VERMONT DEPARTMENT OF ) | |
| TAXES; and TOWN OF TOWNSHEND, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

The United States of America, with the authorization of a delegate of the Secretary of the Treasury and at the direction of a delegate of the Attorney General, pursuant to 26 U.S.C. § 7401, brings this action to obtain a money judgment against Townshend Dam Diner, Inc. ("Townshend Dam Diner") for unpaid federal tax liabilities and to enforce the federal tax liens with respect to those liabilities upon certain real property located in Townshend, Vermont ("Property"). In support thereof, the United States alleges as follows:

### Jurisdiction, Parties, and Property

1. Jurisdiction over this action is conferred upon this Court under 28 U.S.C. §§ 1331, 1340 and 1345 and 26 U.S.C. §§ 7402 and 7403.

2. Townshend Dam Diner has a principal place of business within the jurisdiction of this Court.

3. Stephanie Schryba-Knapp is named as a party to this action because she may claim an interest in the Property.

4. People's United Bank, National Association is named as a party to this action because it may claim an interest in the Property.

5. The State of Vermont Department of Taxes is named as a party to this action because by virtue of tax liens the State of Vermont may claim an interest in the Property.

6. The Town of Townshend is named as a party to this action because it may claim an interest in the Property.

7. The Property upon which the United States seeks to enforce its federal tax liens is located at 5929 Vermont Route 30 in the Town of Townshend, Windham County, Vermont, within the jurisdiction of this Court, and is more fully described as:

> Being all and the same lands and premises as were conveyed to Earle H. Cobb (since deceased) and Ilse M. Cobb, husband and wife, and Gerald C. Teeke and Ruth K. Teeke, husband and wife, by Warranty Deed of Mary Ann Bassignani: Trustee dated December 22, 1977 and recorded at Book 43, Page 242 of the Land Records of Townshend, Vermont, and in said deed described as follows:

> "Being all and the same land and premises conveyed to the Grantor herein by Warranty Deed of Earle H. Cobb of even date herewith and to be recorded simultaneously herewith in the Townshend Land Records and therein described as follows:

> "'Beginning at a point in the westerly right of way limit of Route 30 said point being the southeast corner of the land herein conveyed and in the north line of land formerly of Andrew Bryans and now of Raymond E. Cobb and Earle H. Cobb; thence N 75° 49' W along land now of Raymond E. Cobb and Earle H. Cobb 475 feet more or less to a new iron pipe marking the southwest corner of the land herein conveyed and the southeast corner of other land of Earle H. Cobb; thence turning and running in a general northeasterly direction along other land of Earle H. Cobb 620 feet more or less to a new iron pipe at premises of the United States of America marking a corner of the premises herein conveyed and the northeast corner of other premises of Earle H. Cobb; thence turning and running S 75° 49' E along the south boundary of premises of the United States of America 55 feet to an iron pipe for a corner; thence turning and running N 14° 11' E along land of the United States of America 400 feet to a point on the northerly side of the of the old road leading from the Stratton residence to the former location of Route 30; thence turning and running S 55° 04' E 240 feet to point in the westerly right of way limit of

Route 30; thence turning and running southerly along a curve to the right with a radius of 1,382.68 feet a distance of 955.9 feet to the point and place of beginning; together with restaurant building thereon and containing 8.9 acres, more or less.

"'Subject to the flowage easement of the United States of America to flow the said lands described as lie or are situate below Countour 563.00 Ref. to U.S. Coast and Geodetic Survey, all as more particularly described in a Notice of Condemnation in the case of United States of America v 85.55 acres of land, more or less, situate in the Town of Townshend, Windham County, State of Vermont, and Aubrey Stratton, et al, United States District Court Civil Action No. 2812, as said condemnation relates to Tract A-108E, as shown on the Department of the Army, Corps of Engineers survey dated May, 1960, drawing 1411, sheet 1 of 2, as appears in the files and records of the Townshend Land Records, said tract of land subject to the flowage easement aforesaid and the notice of condemnation being recorded in Vol. 36, Page 263, Townshend Land Records.

"'Said premises are conveyed subject to utility easements existing of record or in fact.

"'Excepting and reserving to Earle H. Cobb, his heirs and assigns, the right to pass and repass over, across and upon the within described premises over a certain right of way located northerly of the southerly boundary of said premises for purposes of ingress and egress from Route 30 to remaining premises of Earle H. Cobb located westerly of the above-described premises.'"

The premises herein conveyed are further subject to the terms, conditions and provisions of State of Vermont Land Use Permits # 2W0364 dated November 17, 1977 and # EC-2-0466 dated December 30, 1977, and to the public right of way of Vermont Route #30 as the same borders upon and crosses over the subject premises.

The premises herein conveyed are further subject to those rights in the aforesaid Earl H. Cobb right of way granted to Coleman Land Co., Inc. by Warranty Deed of Raymond E. Cobb and Ilse M. Cobb dated May 1, 1987 and recorded upon the Land Records of Townshend, Vermont, at Book 50, Page 462.

<u>Count I - Reduce Tax Liabilities to Judgment</u>

8. On the dates set forth in the table below a delegate of the Secretary of the Treasury made assessments against Townshend Dam Diner for Form 941 employer's quarterly tax

liabilities (including amounts withheld from employees) for the following tax periods which remain unpaid, including interest with respect to all of the tax periods; penalties for failure to timely pay taxes with respect to all of the tax periods except the tax period ending March 31, 2012; penalties for failure to make required deposits of tax with respect to all of the tax periods except the tax period ending June 30, 2014; a penalty for failure to timely file a tax return with respect to the tax period ending March 31, 2014; and fees and collection expenses with respect to the tax periods ending September 30, 2008; June 30, 2010; June 30, 2011; September 30, 2012; June 30, 2013; June 30, 2014; December 31, 2014; March 31, 2015; June 30, 2015; and September 30, 2015:

| Tax Period Ending | Assessment Date | Balance Due with accruals through 08/05/2018 |
|---|---|---|
| 06/30/2008 | 09/15/2008 | $2,361.35 |
| 09/30/2008 | 12/29/2008 | $7,564.46 |
| 06/30/2010 | 09/27/2010 | $1,110.36 |
| 09/30/2010 | 01/03/2011 | $1,476.30 |
| 12/31/2010 | 04/04/2011 | $1,330.22 |
| 03/31/2011 | 06/20/2011 | $9,153.74 |
| 06/30/2011 | 10/10/2011 | $7,774.83 |
| 12/31/2011 | 03/19/2012 | $10,703.07 |
| 03/31/2012 | 07/30/2012 | $924.46 |
| 06/30/2012 | 09/03/2012 | $1,337.90 |
| 09/30/2012 | 12/31/2012 | $8,180.96 |
| 12/31/2012 | 03/18/2013 | $1,309.02 |
| 03/31/2013 | 07/08/2013 | $14,262.54 |
| 06/30/2013 | 09/30/2013 | $1,695.65 |
| 09/30/2013 | 12/23/2013 | $3,975.85 |
| 12/31/2013 | 03/17/2014 | $11,668.78 |
| 03/31/2014 | 03/28/2016 | $8,943.91 |
| 06/30/2014 | 10/06/2014 | $6,679.98 |
| 12/31/2014 | 03/30/2015 | $9,506.96 |
| 03/31/2015 | 06/29/2015 | $11,571.80 |
| 06/30/2015 | 08/31/2015 | $3,444.86 |
| 09/30/2015 | 11/30/2015 | $1,376.43 |

9. Notice of each tax assessment listed in paragraph 8 and demand for payment was properly made on Townshend Dam Diner.

10. Despite notice of the tax assessments listed in paragraph 8 and demand for payment, Townshend Dam Diner has failed, neglected, or refused to fully pay the assessed liabilities and there remains due and owing $126,353.43, plus statutory interest and additions from August 5, 2018.

11. On the dates set forth in the table below a delegate of the Secretary of the Treasury made assessments against Townshend Dam Diner for Form 940 Federal Unemployment Tax Act tax liabilities for the following tax periods which remain unpaid, including interest and penalties for failure to timely pay taxes with respect to both tax periods; a penalty for failure to timely file a tax return with respect to the tax period ending December 31, 2014; and fees and collection expenses with respect to the tax period ending December 31, 2012:

| *Tax Period Ending* | *Assessment Date* | *Balance Due with accruals through 08/05/2018* |
|---|---|---:|
| 12/31/2012 | 05/06/2013 | $421.95 |
| 12/31/2014 | 07/06/2015 | $57.55 |

12. Notice of each tax assessment listed in paragraph 11 and demand for payment was properly made on Townshend Dam Diner.

13. Despite notice of the tax assessments listed in paragraph 11 and demand for payment, Townshend Dam Diner has failed, neglected, or refused to fully pay the assessed liabilities and there remains due and owing $479.50, plus statutory interest and additions from August 5, 2018.

14. On the dates set forth in the table below a delegate of the Secretary of the Treasury made assessments against Townshend Dam Diner for Form 1120 corporate income tax liabilities for the following tax periods which remain unpaid, including interest and penalties for failure to timely pay taxes with respect to all of the tax periods; and

penalties for failure to timely file tax returns with respect to the tax periods ending

December 31, 2010, and December 31, 2011:

| Tax Period Ending | Assessment Date | Balance Due with accruals through 08/05/2018 |
|---|---|---|
| 12/31/2010 | 07/02/2012 | $543.55 |
| 12/31/2011 | 06/24/2013 | $223.59 |
| 12/31/2012 | 06/24/2013 | $1,213.82 |

15. Notice of each tax assessment listed in paragraph 14 and demand for payment was properly made on Townshend Dam Diner.

16. Despite notice of the tax assessments listed in paragraph 14 and demand for payment, Townshend Dam Diner has failed, neglected, or refused to fully pay the assessed liabilities and there remains due and owing $1,980.96, plus statutory interest and additions from August 5, 2018.

## Count II - Enforce Federal Tax Liens

17. The United States incorporates herein by reference the allegations of paragraphs 8 through 16.

18. Pursuant to 26 U.S.C. §§ 6321 and 6322, on the dates of the tax assessments listed in paragraphs 8, 11 and 14, federal tax liens arose in favor of the United States upon all property and rights to property belonging to Townshend Dam Diner, including property held by an alter ego or nominee of Townshend Dam Diner.

19. Stephanie Schryba-Knapp acquired title to the Property by deed dated March 18, 1994, and recorded on May 23, 1994, with the Townshend Land Records in Book 60 at Page 446.

20. The federal tax liens securing the tax liabilities listed in paragraphs 8, 11 and 14 attach to the Property because Stephanie Schryba-Knapp is either Townshend Dam Diner's alter ego or holds title to the Property as Townshend Dam Diner's nominee.

21. Townshend Dam Diner was incorporated in the State of Vermont on May 23, 1994, the date the deed transferring title to the Property to Stephanie Schryba-Knapp was recorded.

22. Stephanie Schryba-Knapp is the President, Director, and sole owner of Townshend Dam Diner.

23. Townshend Dam Diner has not filed an annual report with the Vermont Secretary of State since filing its annual report for 1995.

24. Townshend Dam Diner's business status is listed as inactive on the Vermont Secretary of State's website.

25. Townshend Dam Diner operates a diner located on the Property.

26. Stephanie Schryba-Knapp resides at the Property in the same building in which the diner is located.

27. Upon information and belief, Townshend Dam Diner has paid for expenses associated with the Property, including mortgage interest, real property taxes and utilities.

28. Upon information and belief, Townshend Dam Diner has claimed federal tax deductions with respect to the Property, including for mortgage interest, real property taxes, utilities, and depreciation.

29. Townshend Dam Diner pays for personal expenses for Stephanie Schryba-Knapp, including her cellular telephone bill, food and utilities for her residence.

30. Stephanie Schryba-Knapp has paid for Townshend Dam Diner's business expenses using her personal credit card.

31. Townshend Dam Diner has not filed Form 1120, U.S. Corporation Income Tax Return, for the 2015, 2016 or 2017 tax year.

32. Townshend Dam Diner has repeatedly failed to pay taxes owed to the State of Vermont.

WHEREFORE, the United States requests that this Court:

(1) enter judgment in favor of the United States and against Townshend Dam Diner in the amount of $126,353.43, plus statutory interest and additions from August 5, 2018, for its unpaid Form 941 tax liabilities listed in paragraph 8;

(2) enter judgment in favor of the United States and against Townshend Dam Diner in the amount of $479.50, plus statutory interest and additions from August 5, 2018, for its unpaid Form 940 tax liabilities listed in paragraph 11;

(3) enter judgment in favor of the United States and against Townshend Dam Diner in the amount of $1,980.96, plus statutory interest and additions from August 5, 2018, for its unpaid Form 1120 income tax liabilities listed in paragraph 14;

(4) determine and adjudge that the federal tax liens securing Townshend Dam Diner's tax liabilities listed in paragraphs 8, 11 and 14 attach to the Property and order that the federal tax liens upon the Property be enforced and that the property be sold in a judicial sale, according to law, free and clear of any right, title, lien, claim or interest of the parties herein, and that the proceeds of the sale be distributed to the United States toward satisfaction of Townshend Dam Diner's tax liabilities and to such other parties in such amounts as this Court determines; and

(5) award the United States its costs and such further relief as the Court deems just and

proper.

> Respectfully submitted,
>
> RICHARD E. ZUCKERMAN
> Principal Deputy Assistant Attorney General
>
> *Karen Wozniak*
> KAREN WOZNIAK
> Trial Attorney, Tax Division
> U.S. Department of Justice
> P.O. Box 55, Ben Franklin Station
> Washington, D.C. 20044
> Telephone: (202) 307-1927
> Facsimile: (202) 514-5238
> E-mail: karen.e.wozniak@usdoj.gov
>
> Date: **September 11, 2018**

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
Townshend Dam Diner, Inc.; Stephanie Schryba-Knapp a.k.a. Stephanie Schryba; People's United Bank, National Association; State of Vermont Department of Taxes; and Town of Townshend

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Windham
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karen Wozniak, U.S. Dept. of Justice, Tax Division, P.O. Box 55, Ben Franklin Station, Washington, D.C. 20001  (202) 307-1927

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*                                  Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| | | | | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

RECEIVED
SEP 12 2018

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. sections 7402 and 7403
Brief description of cause:
obtain money judgment and enforce federal tax liens

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 128,813.89
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE
09/11/2018

SIGNATURE OF ATTORNEY OF RECORD
*Karen Wozniak*

**FOR OFFICE USE ONLY**

RECEIPT #  _____   AMOUNT _____   APPLYING IFP _____   JUDGE  1011   MAG. JUDGE _____

2:18-cv-145